Case 4:24-cv-04979   Document 20   Filed on 07/10/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, § § § § Plaintiff, § § VS. § CIVIL ACTION NO. 4:24-CV-04979 § TATJANA RICHARDSON, *et al.*, § § Defendants. § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendant/cross-claimant's, Kimberly Richardson-Whitfield ("Whitfield"), Rule 12(c) motion for a judgment on the defendant/cross-claimant's, Tatjana Richardson ("Richardson"), claim for the insurance proceeds on the life of Russell W. Richardson, deceased. Alternatively, Whitfield seeks summary judgment based on the pleadings [DE 12]. Richardson in turn filed a response in opposition to Whitfield's motion for summary judgment [DE 15]. After a review of the motions, response, pleadings and arguments of counsel, the Court determines that Whitfield's motion for judgment on the pleadings or alternative motion for summary judgment should be granted.

**II.    FACTUAL UNDERPINNINGS**

Prudential Insurance Company of America ("Prudential"), though the Office of Servicemembers Group Life Insurance ("OSGLI") provides group insurance benefits to eligible veterans of the United States Armed Services. Such was the case with Russell Richardson, the deceased, who during his life had Veterans Group Life Insurance coverage ("VGLI") that was,

underwritten by Prudential. At the time that he acquired the coverage, the decedent was married to Kimberly Dawn Richardson. However, they sought and obtained a divorce on or about March 1, 2013. At the time that this lawsuit was filed, Kimberly Dawn Richardson's last name had been changed to Whitfield.

The Divorce Degree shows that the parties agreed to and did resolve all disputes concerning their community and separate property. A part of the settlement concerning community property, the decedent was to receive:

> All of the husband's employment benefits, including retirement pension, 401(K), profit-sharing, and stock option plans . . . cash and money in any bank . . . any and all insurance policies that covered the husband's life.

The wife, Kimberly Dawn Richardson, was to receive a similar award concerning her employment benefits and the like. Each party to the divorce was ordered to execute any deeds or documents needed to transfer the property [awarded to the divorced spouse]. The husband was responsible for preparing the documents.

In June 2003, when the decedent acquired the VGLI Policy, he designated Kimberly Dawn Richardson, his then wife, as the "sole principal beneficiary" of the policy. After the decedent and Kimberly Dawn Richardson were divorced in 2013, and prior to his death in July 2024, the decent married Tatjana Richardson. However, the decedent never changed his beneficiary from Kimberly Dawn Richardson to another person or his Estate. Hence, the parties dispute concerns the rightful owner of the VGLI proceeds.

### III.   ISSUES PRESENTED AND DISCUSSION

Prudential filed this lawsuit against Tatjana Richardson and Kimberly Whitfield, and because there is a dispute, tendered the insurance proceeds on the decedent's life into the registry of the Court [DE 16]. The defendants have filed cross-motions and responses to each of the other's

claim for the proceeds. They agree, however, that the facts are undisputed on the relevant issues that control the distribution of the proceeds. The Court now addresses the disputed issue: *Does the Divorce Decree entered between the decedent and Kimberly Dawn Richardson in 2013, override the beneficiary designation by the decedent on his VGLI policy?*

The Supreme Court addressed and resolved this issue in *Ridgway v. Ridgway*, 454 U.S. 46, 555, 102 S. Ct. 49 (1981). The Fifth Circuit Court of Appeals, following the law in *Ridgway* and reached the same conclusion in *Dohnalik v. Somner,* 467 F.3d 488, 490 (5th Cir. 2006). Case law holds that Congress preempted state law, mandating, that a change in beneficiary designations by the insured is necessary to revoke the insured's designation of a beneficiary. State law, in particular, in divorce proceedings where the property of the divorce Estate is settled, cannot override Congress' authority. Hence, Federal law, not state law controls.

In this instances, control of beneficiary designations remains in the hands of the insured who has the sole authority to change the beneficiary designation. While a beneficiary may waive certain entitlements under ERISA though a divorce decree, that statutory construct does not apply here. *See Somner,* 467 F.3d at 490 [citing to *Guardian Life Ins. Co. of Am. V. Finch*], 395 F.3d 238 (5th Cir. 2004].

## IV.   CONCLUSION

Whitfield submitted her FRCP 12(c) motion for judgment on the pleadings or for summary judgment, based on the absence of any relevant disputed facts concerning the beneficiary status of the decedent's VGLI insurance policy. A FRCP 12(c) motion is viewed in the same manner as a FRCP 12(b)(6) motion concerning the merits of a claim. *See Doe v. MySpace, Inc.,* 528 F.3d 418 (5th Cir. 2018). Hence, where no disputed fact remains, summary judgment is appropriate. *See* FRCP 56(c).

The Court determines that the undisputed evidence necessary to resolve this dispute is before the Court. Therefore, the Court FINDS and HOLDS that there is not dispute that Kimberly Whitfield is the named beneficiary of the decedent's VGLI policy. Hence, Kimberly Whitfield's motion for judgment on the pleadings is GRANTED, as she is the designated beneficiary on the decedent's, Russell W. Richardson, VGLI policy.

It is so Ordered.

SIGNED on July 10, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge